JOHN S. LEONARDO
United States Attorney
District of Arizona
DAVID A. PIMSNER
Assistant U.S. Attorney
Arizona State Bar No. 007480
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona  85004-4408
Telephone: (602) 514-7500
Facsimile: (602) 514-7650
E-mail: david.pimsner@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>           Plaintiff,<br><br>      v.<br><br>Abdullatif Ali Aldosary,<br><br>           Defendant. | CR-12-02042-PHX-SRB (SPL)<br><br>**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS TWO OF THREE COUNTS FOR PURPOSES OF CONVICTION AND SENTENCE ON GROUNDS OF MULTIPLICITY** |

The United States of America, by and through undersigned counsel, respectfully submits the following response and requests the Court to  merge the counts of conviction for sentencing.

On November 30, 2012, the FBI served a search warrant at the defendant's residence in connection with a bombing of the Social Security Office in Casa Grande, Arizona earlier that day.  During the execution of warrant, firearms and ammunition were found in the defendant's residence.  The defendant was prohibited from possessing weapons due to his prior felony convictions for Aggravated Harassment in the Maricopa County Superior Court.  As a result, the defendant was charged, in part, with three counts

of felon in possession of firearms and ammunition.  Without any challenge to the validity of the indictment by the defense, the facts supporting these three counts were presented to a jury.  On September 20, 2013, the jury returned a guilty verdict as to all three counts.  The indictment did not allege and the jury did not make a separate finding that the firearms and ammunition were acquired at different times or possessed in different locations.  Accordingly, the government concurs that the jury findings should be treated as one unit of prosecution for sentencing purposes.  *See, United States v. Keen*, 104 F.3d 1111, 1120 (9th Cir. 1997) and *United States v. Szalkiewicz*, 944 F.2d 653, 654 (9th Cir. 1991).

As one unit of prosecution, the government submits that the appropriate remedy would be to merge the three counts into one count for sentencing and not dismiss two counts as requested by the defendant.  In *United States v. Richardson*, 439 F.3d 421, 423 (8th Cir. 2006) the defendant was charged with being a felon in possession of a firearm and a drug user being in possession of a firearm.  The Eight Circuit Court of Appeals remanded the case with instructions to merge the counts of conviction into one count and sentence the defendant on a single count of 18 U.S.C.§ 922(g).  "The proper remedy for the multiplicity error is merger, one conviction must be vacated and merged into the other."  *United States v. Bloch*, 718 F.3d 638, 644 (7th Cir. 2013).  *See*, *United States v. Tann*, 577 F.3d 533, 543 (3rd Cir. 2009) (The court merged the counts when defendant convicted of simultaneous possession of a firearm and ammunition).  *See also*, *United States. v. Platter*, 514 F.3d 782, 787 (8th Cir. 2008) (The proper remedy when a defendant is convicted of multiplicitous counts is merger of the counts into one count, not a retrial under just one theory of liability.)

2

Had the issue been raised prior to trial, a motion to consolidate would have resolved any issue. The jury would have still been asked, through a special verdict form, to unanimously find that that the defendant knowingly possessed the specific firearms and ammunition set forth in the indictment. Accordingly, the defendant will not be prejudiced by the merger and would be held responsible for all relevant conduct. U.S.S.G. § 3B1.3. Therefore, the government respectfully requests that two counts be vacated and merged into the remaining count for sentencing. Once the convictions are merged, the statutory maximum is 120 months. See 18 U.S.C. § 924(a)(2).

Respectfully submitted this 21st day of January, 2014.

JOHN S. LEONARDO
United States Attorney
District of Arizona

/s/ *David A. Pimsner*
DAVID A. PIMSNER
Assistant United States Attorney

CERTIFICATION

I hereby certify that on January 21, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Susan E. Anderson and Gerald A. Williams, Attorneys for Defendant

DAP/ceb

3