JOHN S. LEONARDO
United States Attorney
District of Arizona
DAVID A. PIMSNER
Assistant U.S. Attorney
Arizona State Bar No. 007480
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Facsimile: (602) 514-7650
E-mail: david.pimsner@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | CR-12-02042-PHX-SRB (SPL) |
|---|---|
| Plaintiff, | **GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO DRAFT PRESENTENCE REPORT** |
| v. | |
| Abdullatif Ali Aldosary, | |
| Defendant. | |

The United States of America, by and through undersigned counsel, respectfully submits the following response to the defendant's objections to the Presentence Report.

1. Objection to Consecutive Sentences.

The indictment did not allege and the jury did not make a separate finding that the firearms and ammunition were acquired at different times or possessed in different locations. Accordingly, the government concurs that the jury findings should be treated as one unit of prosecution for sentencing purposes. *See, United States v. Keen*, 104 F.3d 1111, 1120 (9th Cir. 1997) and *United States v. Szalkiewicz*, 944 F.2d 653, 654 (9th Cir. 1991).

As one unit of prosecution, the government submits that the appropriate remedy would be to vacate two counts and merge them into the remaining count for sentencing. "The proper remedy for the multiplicity error is merger, one conviction must be vacated and merged into the other." *United States v. Bloch*, 718 F.3d 638, 644 (7th Cir. 2013). *See also*, *United States v. Tann*, 577 F.3d 533, 543 (3rd Cir. 2009) (counts merged when defendant convicted of simultaneous possession of a firearm and ammunition). Therefore, the government respectfully requests that two counts be vacated and merged into the remaining count for sentencing. Once the convictions are merged, the statutory maximum is 120 months. 18 U.S.C. § 924(a)(2).

2. Objection to Offense Conduct in Paragraphs 6-11.

Paragraphs 6 through 11 accurately summarize the investigation with the exception of three conclusory sentences contained in paragraphs 6 and 11. The government submits that the first two sentences in paragraph 6 should be amended to read as follows: "In the early morning on November 30, 2012, an explosive device was placed and detonated at the rear entrance of the United States Social Security Administration (USSSA) building in Casa Grande, Arizona. After the device exploded, several witnesses, including a Casa Grande Poice Department officer and USSSA employees, observed an individual driving Aldosary's vehicle and exiting the rear parking lot of the USSSA building at a high rate of speed"

The government further submits that the last sentence of paragraph 11 should be amended as follows: "In addition, forensic evidence revealed that the Ruger 9mm handgun was used to murder the defendant's former co-worker on November 27, 2012, in

2

Maricopa, Arizona." These amendments would address Defendant's objections while accurately reflecting the facts surrounding the investigation that led to the convictions at issue.

3. Objection to the First Degree Murder Cross Reference.

The defendant was indicted in Pinal County Superior Court with arson of an occupied structure based on the conduct relating to the detonation of an explosive device at the United States Social Security Administration building on November 30, 2012. Additionally, in a separate case filed in Pinal County, the defendant was charged with first degree murder in connection with the murder of the defendant's former co-worker on November 27, 2012. The government excercised its prosecutorial discretion and dismissed without prejudice the charges relating to the detonation of an explosive device at a federal building to allow this conduct to be tried in Pinal County Superior Court. As a result, the trial evidence was limited to the search of the defendant's residence relating only to the weapons and ammunition which were discovered therein.

U.S.S.G. § 2K1.2(c)(B) provides a cross reference for the applicability of the first degree murder guideline if the defendant used or possessed the weapon in connection with another crime that resulted in death. However, no evidence was presented at trial regarding the homicide or the ballistic findings connecting the Ruger to the homicide investigation. In order not to interfere with the State's independent prosecution, the government does not intend to conduct a mini-trial at sentencing, to present facts in support of the homicide allegation, since the defendant will be held accountable for these

acts in State court. Accordingly, the government concurs that the cross reference for first degree murder should not be applied.

4. Objection to Paragraph 27.

The government is without sufficient factual information to respond. However, Defendant's objection is in no way material and does not impact the guideline calculation. At best, the defendant's objections should be noted.

5. Objection to Paragraph 30.

The facts accurately summarize the underlying investigation which led to injunction against harassment. Additionally, the defendant failed to provide any information contesting the accuracy of those facts. As a result, the defendant's objection should be denied.

6. Objection to Paragraphs 33-34.

Factually, the government agrees that the evidence at trial demonstrated that the defendant's DNA was found on the Ruger handgun. However, there were no fingerprints located on the handgun and no evidence was presented regarding the shell casings located at the site of the homicide.

Based on the reasons stated herein, the government submits that that the statutory maximum is 120 months because the law requires this case to be considered as one unit of prosecution. Additionally, the facts presented at trial do not support a cross reference to the first degree murder guideline. The defendant will be held accountable for this conduct based on an independent State prosecution.

However, the government believes that the evidence at trial would support an upward variance. Under the guidelines, U.S.S.G. § 2K2.1(b)(3) provides for an increase of two levels if the offense involved three to seven firearms. Although only two firearms were recovered by the FBI, the evidence would support that the defendant possessed a third weapon as evidenced by the Mossburg 22 caliber rifle owner's manual and the 200 rounds of 22 caliber long rifle ammunition located along with the Ruger's owner manual and ammunition under Defendant's north night stand. Accordingly, at sentencing the government will be requesting that the Court impose an upward variance based on these facts.

Respectfully submitted this 27th day of January, 2014.

          JOHN S. LEONARDO
          United States Attorney
          District of Arizona

          /s/ *David A. Pimsner*
          DAVID A. PIMSNER
          Assistant United States Attorney

CERTIFICATION
I hereby certify that on January 27, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

Susan E. Anderson and Gerald A. Williams, Attorneys for Defendant

DAP/ceb

5